IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VAN L. HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-28-DGW-SCW |
| ) | |
| AQUA-CHEM, INC.   et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

On June 13, 2014, a hearing was held on the pending motions in this matter and, for the reasons set forth at the hearing and below, the following is hereby **ORDERED**:

1. The Motion for Summary Judgment filed by Delphi Corporation on January 16, 2014 (Doc. 15) is **MOOT** in light of the stipulation of dismissal filed on April 8, 2014 (Doc. 96).[1]

2. The Motions to Dismiss Counts IV and V filed by Buffalo Pumps, Inc., Warren Pumps, LLC, Imo Industries, Inc.,  Foster Wheeler, LLC, John Crane Inc., General Electric Company, and CBS Corporation (Docs. 22, 26, 28, 36, 83, 136, and 149) are **MOOT** in light of Plaintiff's representation that those Counts will be dismissed as to the moving parties.

3. The Motion for More Definite Statement and Motion to Dismiss First Amended Complaint filed by Ingersoll-Rand Company (Doc. 41) is **DENIED in part and found as MOOT in part**.

Defendant argues that Plaintiff "aggregates allegations against several defendants in a single, unspecific statement" thus violating notice pleading requirements.  To satisfy a

---

[1]  As noted in the Scheduling Order, the parties have until June 23, 2014 to object to any stipulation of dismissal that has already been filed.   To the extent that a party does object to a stipulation that is relevant to the motions ruled on by this Order, the Court will reconsider the rulings upon motion of a party.

notice-pleading standard of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). In other words, the Plaintiff's complaint must be sufficient to provide the Defendant with fair notice of the Plaintiff's claim and its basis. *See Indep. Trust Corp. v. Stewart Info. Serv. Corp.,* 665 F.3d 930, 934 (7th Cir.2012), *citing Ericson v. Pardus,* 551 U.S. 89, 93 (2007), *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

Federal Rule of Civil Procedure 12(e) allows a party to move for a more definite statement of a claim when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." The motion must "point out the defects complained of and the details desired." *Id.* "Encouraging a plaintiff to plead what few facts can be easily provided and will clearly be helpful serves to expedite resolution by quickly alerting the defendant to basic, critical factual allegations (that is, by providing 'fair notice' of the Plaintiff's claim)." *EEOC v. Concentra Health Servs. Inc.,* 496 F.3d 773, 779–80 (7th Cir.2007). It is enough to name the Plaintiff and the Defendant, state the nature of the grievance, and give a few details that will let the Defendant investigate. *Id.*; *See also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512–13 (2002); *McDonald v. Household International, Inc.,* 425 F.3d 424, 427–28 (7th Cir.2005). The Seventh Circuit considers Rule 12(e) one of several "tools" the district court may use to require additional specificity in a pleading. *Hoskins v. Poelstra,* 320 F.3d 761, 764 (7th Cir.2003). The details Defendant requires can be acquired through discovery. Plaintiff has stated a claim: additional facts are not necessary at this stage of the litigation. In addition, as noted in this Court's scheduling Order, Plaintiff is required to file an amended complaint once the evidence reveals more detail as to the allegedly culpable parties.

Defendant further argues that Count V (intentional spoliation of evidence) should be dismissed. In light of Plaintiff's representation that this Count will be dismissed as to this Defendants, the Motion is **MOOT in part**.

5. The Motion for Extension of Time to Complete Discovery filed by Carrier Corp. on April 24, 2014 (Doc. 114) is **GRANTED**. Carrier Corporation's deadline for responding to written discovery propounded by Plaintiff is extended to May 9, 2014.

6. The Motion to Dismiss filed by Crane Co. on March 25, 2014 (Doc. 88) is **TAKEN UNDER ADVISEMENT** and the Motion for Leave to File Out of Time filed by Van L Hall on June 18, 2014 (Doc. 160) is **GRANTED.** Plaintiff to file his response by **June 27, 2014**.

**IT IS SO ORDERED.**

**DATED: June 20, 2014**

**DONALD G. WILKERSON**
**United States Magistrate Judge**