IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

VAN L. HALL,

    Plaintiff,

vs.

AQUA-CHEM, INC., *et al.*,

    Defendants.

Case No. 14-cv-0028-SMY-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Crane Co., Individually and as Successor-in-Interest to Cochrane Corporation and Chapman Valve Co.'s ("Crane") Motion to Dismiss (Doc. 88).  Plaintiff filed his Response (Doc. 163) out-of-time with leave of Court. (Docs. 160 & 162) For the following reasons, the Court **DENIES** Defendant's Motion.

Plaintiff alleges in the First Amended Complaint that he was exposed to, inhaled, ingested or otherwise absorbed large amounts of asbestos fibers throughout 1959-77 from products which were manufactured, sold, distributed, installed or promoted by Crane (Doc. 2-1). Plaintiff contends that Crane knew or should have known that the asbestos contained in its products had toxic health effects, that Crane failed to exercise ordinary care for the safety of Plaintiff and that exposure to the Crane's products caused Plaintiff's Asbestosis. This exposure allegedly occurred between 1959 and 1979 while Plaintiff was employed with the United States Navy, where he worked both on ship and in shipyards.  Plaintiff sets forth the following counts as to Crane:  Negligence (Count I), Willful and Wanton Misconduct (Count II), Negligent Spoliation of Evidence (Count IV) and Willful and Wanton Spoliation of Evidence (Count V).

Defendant contends that the allegations directed at them fail to state a cause of action upon which relief could be granted and move the Court for dismissal under Federal Rule of Civil

Procedure 12(b)(6) or, in the alternative, for a more definite statement under 12(e) (Doc. 88). More precisely, Defendants argue that Plaintiff does not describe his claims in sufficient detail to give Crane fair notice of the grounds upon which they rest.

At a hearing before Magistrate Judge Donald Wilkerson on June 13, 2014, Plaintiff represented that Counts IV and V regarding spoliation of evidence would be dismissed as to the moving parties. While Crane's Motion to Dismiss was taken under advisement at that time and no ruling was made on the merits of the spoliation counts, Plaintiff stated in his Motion for Leave to File Response (Doc. 160) that he and Defendant had stipulated to dismiss those counts. Moreover, Plaintiff did not address those counts in his Response (Doc. 163). Thus, Counts IV and V of Plaintiff's First Amended Complaint are dismissed, and the portions of Crane's Motion to Dismiss directed at those counts are MOOT.

Regarding Counts I and II, Plaintiff asserts that he has included all the necessary facts regarding the specific products and job sites to enable Crane to formulate its defenses and provide an answer. Fed. R. Civ. P. 8(a)(2) requires that the Complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." This statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court's ruling thus requires more than conclusory statements or a mere recitation of a cause of action's elements. *Id.* When a claim is challenged under this Rule, the Court construes the pleading liberally in the pleader's favor. *See Kaltenbach v. Richards*, 464 F.3d 524, 526-27 (5th Cir. 2006). The court presumes that all well-pleaded allegations are true, resolves all reasonable doubts and inferences in the pleader's favor, and views the pleading in the light most favorable to the non-moving party. *Bell Atlantic Corp.*, 550 U.S. at 555. "[W]e do not require a heightened fact pleading of specifics, but

only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "[T]he complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense." *Tamayo v. Blagojevich*, 526 F. 3d 1074, 1085 (7th Cir. 2008).

Plaintiff alleges that exposure to Crane's products caused him to develop Asbestosis. More specifically, he alleges the exposure may have occurred between 1959 and 1977 while Plaintiff was on the USS Denebola AF-56 from 1959-61, the USS Cadmus AR-14 in 1961, the USS Mauna Loa AE-8 from 1961-62, the USS Edmonds DE-406 in 1963, the USS Enterprise CVA(N)-65 from 1964-68, the USS Truxton CVAN-35 from 1970-73, the USS Milwaukee AOR-2 from 1973-77 or while working in various Naval shipyards at times and locations specified in paragraph 2 of the First Amended Complaint.

Here, Plaintiff has given specific locations, specific states, and specific time periods allowing Defendants ample notice in order to build a defense. As the Supreme Court noted in *Twombly*, a plaintiff need only state enough facts to state a claim that is plausible on its face. In this particular case, Plaintiff has succeeded in doing so. As such, the Court **DENIES Defendant's motion**. (Doc. 88).


**IT IS SO ORDERED.**

**DATE:** <u>March 5, 2015</u>                                            <u>s/  Staci M. Yandle</u>
                                                                          **STACI M. YANDLE**
                                                                          **DISTRICT JUDGE**