IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VAN L. HALL,<br><br>       Plaintiff,<br><br>v.<br><br>AQUA-CHEM, INC., et al.,<br><br>       Defendants. | Case No.  3:14-CV-28-SMY-DGW |

**DEFENDANT OWENS-ILLINOIS, INC.'S
MOTION FOR SUMMARY JUDGMENT**

Owens-Illinois, Inc. ("Owens-Illinois"), pursuant to Federal Rule of Civil Procedure 56(a), moves this Court for an order granting summary judgment in its favor and against Plaintiff.  In support of its motion, Owens-Illinois states as follows:

**I.       INTRODUCTION**

Plaintiff Van Hall alleges that he contracted asbestosis as a result of his exposure to hundreds of asbestos-containing products between 1959 and 1979. Concerning Owens-Illinois, however, Plaintiff's Complaint alleges asbestos exposure only while serving in the United States Navy aboard numerous ships, including the *USS Denebola* (AF-56), *USS Cadmus* (AR-14), *USS Mauna Loa* (AE-8), *USS Edmonds*, (DE-406), *USS Enterprise* (CVA(N)-65), *USS Truxton* (CVAN-35), and the *USS Milwaukee* (AOR-2). Plaintiff also alleges exposure at Naval shipyards in Baltimore, MD, Norfolk, VA, Chester, PA, Newport News, VA, Quincy, MA, and New Jersey.[1]  Owens-Illinois denied

---

[1] Four counts of Plaintiff's complaint remain operative as to Owens-Illinois (Count I for negligence, Count II for willful and wanton conduct, Count IV for negligent spoliation of evidence and Count V for willful and wanton spoliation of evidence).  *See* Pl.'s First

Plaintiff's allegations, and now the undisputed evidence shows that Mr. Hall was never exposed to asbestos from Owens-Illinois's products.

The relevant facts about Owens-Illinois are not disputed. Owens-Illinois is, and always has been, a glass company. For a limited period from 1948 until April 1958, however, it manufactured commercial quantities of an insulation product known as "Kaylo." On April 30, 1958, Owens-Illinois left the insulation business altogether and sold the entire "Kaylo" business to Owens Corning Fiberglas Corporation — a separate company that continued to manufacture and sell "Kaylo" insulation products into the early 1970s. Owens-Illinois did not make or sell "Kaylo," or any other insulation product, after April 30, 1958.

Moreover, as the Seventh Circuit has explained, "[n]umerous other companies also manufactured asbestos-containing pipe insulation generically referred to as kaylo (also spelled 'k-low,' 'k-lo,' or 'kaylow') much like individuals often refer to generic tissue paper by the brand name 'kleenex.' The term refers to the 'K' factor or heat conductivity. A low K value means the pipe insulation is a low conductor of heat and thus a good insulator." *Harris v. Owens-Corning Fiberglas Corp.*, 102 F.3d 1429, 1431 (7th Cir. 1996); *Shine v. Owens-Illinois, Inc.*, 979 F.2d 93, 97 (7th Cir. 1992) (affirming summary

---

Am. Compl., attached as **Ex. A**. Counts I and II are based on the same allegations and seek different types of damages. Counts IV and V (spoliation of evidence) fail as a matter of law without an underlying claim. *Boyd v. Travelers Ins. Co.*, 166 Ill. 2d 188, 196 n.2 (Ill. 1995) ("[I]f the plaintiff could not prevail in the underlying action even with the lost or destroyed evidence, then the defendant's conduct is not the cause of the loss of the lawsuit. This requirement prevents a plaintiff from recovering where it can be shown that the underlying action was meritless."). Because Owens-Illinois is entitled to summary judgment on Counts I and II, Counts IV and V also fail. *See id.*

judgment and finding that plaintiff's "testimony indicates that he used that term [Kaylo] generically, rather than as a brand name").

As explained below, Owens-Illinois requests summary judgment because there are no genuine disputes on one issue: there is no admissible evidence in the record that Mr. Hall was ever exposed to asbestos from Owens-Illinois Kaylo — let alone exposed so regularly, frequently and proximately — to survive summary judgment.

## II.   SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding summary judgment, the court must view facts "in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The party seeking summary judgment must establish there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

## III. ARGUMENT

### A. Owens-Illinois Is Entitled to Summary Judgment Because Plaintiff Has No Causation Evidence Against Owens-Illinois.

"To survive a motion for summary judgment on the issue of exposure to a defendant's asbestos product, the plaintiff must satisfy the 'frequency, regularity, and proximity' test.'" *Bowles v. Owens-Illinois, Inc.*, 2013 IL App (4th) 121072, at ¶ 21 (quoting *Thacker v. UNR Industries, Inc.*, 151 Ill. 2d 343, 603 N.E.2d 449 (Ill. 1992)).[2] The frequency, regularity, and proximity test requires "that a plaintiff 'show that the injured worker was exposed to the defendant's asbestos through proof that (1) he regularly worked in an area where the defendant's asbestos was frequently used and (2) the injured worker did, in fact, work sufficiently close to this area so as to come into contact with the defendant's product.'" *Id.* In every asbestos case to survive summary judgment on the issue of causation, the plaintiff must satisfy the frequency, regularity and proximity test under Illinois law — without any exceptions.

---

[2] To determine what substantive law controls, a court sitting in diversity applies the choice-of-law rules of the state in which the action was filed. *See Van Dusen v. Barrack*, 376 U.S. 612, 637-40 (1964) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Guaranty Trust Co. v. York*, 326 U.S. 99, 108 (1945)). Illinois courts apply a place of exposure test in asbestos cases to determine the "most significant relationship" under the *Restatement (Second) of Conflict of Laws. Gregory v. Beazer East*, 384 Ill. App. 3d 178, 193–201 (Ill. App. Ct. 2008). However, a "choice-of-law determination is required only when a difference in law will make a difference in the outcome." *Townsend v. Sears, Roebuck & Co.*, 227 Ill. 2d 147, 155 (Ill. 2007); *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 838 n.20 (1985) ("'False conflict' really means 'no conflict of laws.' If the laws of both states relevant to the set of facts are the same, or would produce the same decision in the lawsuit, there is no real conflict between them." (citation omitted)). In this case, no conflict of laws exists because Owens-Illinois is entitled to summary judgment under both maritime and Illinois law. *Thacker*, 151 Ill. 2d at 355; *Lindstrom v. A-C Prod. Liab. Trust*, 424 F.3d 488, 492 (6th Cir. 2005).

### 1. Illinois Law Demands Proof of Cause-in-Fact in Asbestos Cases.

Illinois proximate cause has two distinct requirements: 1) cause-in-fact, and 2) legal cause, which is a policy decision that limits how far a defendant's legal responsibility should be extended for conduct that, in fact, caused the harm. *Nolan v. Weil-McLain*, 233 Ill. 2d 416, 431 (Ill. 2009); *Thacker*, 151 Ill. 2d at 354. Plaintiffs can satisfy their cause-in-fact burden under either the "but for" test or the "substantial factor" test. *Nolan*, 233 Ill. 2d at 431; *Thacker*, 151 Ill. 2d at 354-55. The "but for" test asks, Would the injury have occurred absent the defendant's conduct? *Nolan*, 233 Ill. 2d at 431 (quoting *Thacker*, 151 Ill. 2d at 354-55). Where there are multiple possible causes, as in asbestos cases, the "substantial factor" test asks, Was the defendant's conduct a substantial factor in causing the injury? *Nolan*, 233 Ill. 2d at 354-55 (quoting *Thacker*, 51 Ill. 2d at 354-55).

Under either test, "Illinois courts have, as a matter of law, refused to allow a plaintiff to take the causation question to the jury when there is insufficient evidence for the jury to reasonably find that the defendant's conduct was a cause of the plaintiff's harm or injury." *Nolan*, 233 Ill. 2d at 431 (quoting *Thacker*, 151 Ill. 2d at 355). It is "the axiomatic rule that a plaintiff alleging personal injury in any tort action—*including asbestos cases*—must adduce sufficient proof that the defendant caused the injury. . . . [P]roof which relies on conjecture, speculation, or guesswork is insufficient." *Nolan*, 233 Ill. 2d at 430. Illinois courts have refused to "carve out an exception for asbestos cases which relieved those plaintiffs from meeting the same burden as all other tort plaintiffs." *Id.* at 434.

> a. **The Substantial Factor Test in Asbestos Cases Is Frequency, Regularity, and Proximity.**

Two decades ago, the Illinois Supreme Court adopted the "frequency, regularity, and proximity" test in asbestos cases to satisfy the substantial factor test:

> plaintiff [must] show that the injured worker was exposed to the defendant's asbestos through proof that (1) he regularly worked in an area where the defendant's asbestos was frequently used and (2) the injured worker did, in fact, work sufficiently close to this area so as to come into contact with the defendant's product. . . . The defendant has referred to this approach as the "frequency, regularity and proximity" test, and we adopt this test as the rule of law in Illinois.

*Thacker*, 151 Ill. 2d at 359 (citation omitted).

Since *Thacker*, the Illinois Supreme Court has made clear in two more decisions that asbestos plaintiffs must have evidence of frequent, regular, and proximate exposure to a defendant's product to create a triable issue on substantial factor. As the Court stated in *Nolan*, "we adopted *Lohrmann*'s frequency, regularity and proximity test—tailored to application in asbestos actions—as a means by which a plaintiff choosing to prove cause in fact through use of the substantial factor test may meet that burden." *Nolan*, 233 Ill. 2d at 434; *accord Donaldson v. Cent. Ill. Pub. Serv. Co.*, 199 Ill. 2d 63, 91 (Ill. 2002) ("[T]o show causation in an asbestos case, a plaintiff must 'produce evidence of exposure to a specific product on a regular basis over some extended period of time in proximity to where the plaintiff actually worked,' commonly called the 'frequency, regularity and proximity' test" (quoting *Thacker*, 151 Ill. 2d at 363)).

The Illinois Appellate Court has also held that plaintiffs in asbestos cases must satisfy the frequency, regularity and proximity test at summary judgment. *E.g.*, *Bowles*,

2013 IL App (4th) 121072, at ¶ 21; *Johnson v. Owens-Corning Fiberglass Corp.*, 284 Ill. App. 3d 669, 677 (Ill. App. Ct. 1996). Federal district courts in Illinois have reached the same conclusion in asbestos cases, holding that only evidence of frequency, regularity, and proximity will defeat summary judgment. *Krik v. Crane Co.*, --- F. Supp. 3d ----, 2014 WL 7330901, at *4-6 (N.D. Ill. Dec. 22, 2014); *Flood v. Owens-Illinois*, No. 86 C 8947, 2003 WL 22462314, at *1 (N.D. Ill. Apr. 4, 2003).

### b. The Frequency, Regularity, and Proximity Test Is Not Mere Jobsite Product Identification.

Illinois's substantial factor test of frequency, regularity and proximity is not merely putting a defendant's product at the jobsite. *E.g.*, *Bowles*, 2013 IL App (4th) 121072, at ¶ 21; *Johnson*, 284 Ill. App. 3d at 677. That is, "merely identifying a defendant's product at a jobsite where a plaintiff worked is insufficient to establish asbestos exposure." *In re All Asbestos Litig.*, 385 Ill. App. 3d 386, 391 (Ill. App. Ct. 2008); *Thacker*, 151 Ill. 2d at 358 (rejecting "invitation to fashion a rule by which a jury question would be created whenever there is any evidence that a defendant's asbestos-containing product was used at a workplace at the same time the plaintiff worked there"); *Lohrmann v. Pittsburgh Corning Corp.*, 782 F.2d 1156, 1162 (4th Cir. 1986) (holding "the mere proof that the plaintiff and a certain asbestos product are at the shipyard at the same time, without more, does not prove exposure to that product").

The Illinois Appellate Court, the Seventh Circuit, and the federal district courts in Illinois have each held that mere jobsite product identification is insufficient:

- affirming summary judgment—despite military records and testimony identifying products on ship—because the mere

presence on the ship "could not meet the requirements of the 'frequency, regularity and proximity' test," *Bowles*, 2013 IL App (4th) 121072, at ¶ 31.

- affirming summary judgment—despite sales records and testimony identifying products at jobsite—because the presence of product "cannot establish even a minimum level of contact and thus cannot meet the *Thacker* standard," *Johnson*, 284 Ill. App. 3d at 675.

- affirming summary judgment—despite four coworkers identifying products at jobsite—because "there was no evidence that plaintiff worked on these ships at the exact same time as the other four men or in close proximity to them as the defendants' products were being used," *Zimmer v. Celotex Corp.*, 192 Ill. App. 3d 1088, 1091 (Ill. App. Ct. 1st Dist. 1989).

- affirming summary judgment—despite plaintiff identifying products at jobsite—because "the mere presence of [defendant's] products at the job site is insufficient to create an issue of material fact," *Shine v. Owens-Illinois, Inc.*, 979 F.2d 93, 97-98 (7th Cir. 1992).

- entering summary judgment—despite worker identifying product at jobsite—because "[t]he fact that [plaintiff] and a particular asbestos product were both at the same job site, without more, does not demonstrate that he was exposed to that product," *Tragarz v. Keene Corp.*, 734 F. Supp. 834, 836 (N.D. Ill. 1990).

In other words, evidence that a defendant's product was merely present or used at a jobsite when plaintiff worked there does not satisfy the substantial factor test of frequency, regularity, and proximity under Illinois law.

        c. **The Frequency, Regularity, and Proximity Test Does Not Change Based on "Direct" or "Circumstantial" Evidence.**

Illinois's substantial factor test of frequency, regularity, and proximity is neither a moving target nor a sliding scale. The standard does not change based on whether a witness provides the purported exposure evidence. Every Illinois asbestos case has

- 8 -

required frequency, regularity, and proximity as a matter of law to satisfy the substantial factor test since *Thacker* — irrespective of whether a witness provided exposure evidence "directly."

By adopting frequency, regularity, and proximity, the *Thacker* Court recognized that "[d]ue to the unique problems posed by asbestos injury, plaintiffs in cases such as this have had to rely heavily upon circumstantial evidence in order to show causation." *Thacker*, 151 Ill. 2d at 357. "Direct" evidence to show cause-in-fact in asbestos cases would be impossible:

> due to the microscopic size of asbestos fibers, asbestos cannot always be seen drifting in the air or entering a plaintiff's body. The small size of these fibers also means that asbestos fibers from different sources are generally indistinguishable from one another, even when removed from a plaintiff's body and examined through a microscope. . . . [T]he time between when asbestos fibers are first inhaled and when scarring in the lungs becomes symptomatic is commonly between 25 and 30 years. This means that a plaintiff injured by asbestos fibers often does not know exactly when or where he was injured and therefore is unable to describe the details of how such injury occurred.

*Id.*

In asbestos cases, the plaintiffs do not contend that they have "direct" evidence of the specific, microscopic asbestos fibers (and their exact source) that were inhaled and caused the disease. Nor do plaintiffs ever disclose such "direct" evidence. Therefore, in order to solve these very "unique problems posed by asbestos injury" and "to seek a balance between the needs of the plaintiff (by recognizing the difficulties of proving contact) with the rights of the defendant (to be free from liability predicated upon guesswork)," the Illinois Supreme Court adopted frequency, regularity, and

proximity as the substantial factor test in every Illinois asbestos case. *Id.* at 359.

### 2. This Record Lacks Sufficient Evidence of Asbestos Exposure from Any Owens-Illinois Product to Survive Summary Judgment.

By applying this frequency, regularity and proximity test, Owens-Illinois is entitled to summary judgment because there is no evidence at all that Mr. Hall was exposed to any asbestos-containing product manufactured or sold by Owens-Illinois — let alone exposures that occurred so frequently, regularly, and proximately to satisfy Plaintiff's causation burden.

Plaintiff alleges that Mr. Hall was exposed to asbestos from Owens-Illinois Kaylo as a result of his service aboard various ships in the United States Navy. But there is no evidence that Mr. Hall was ever exposed to Owens-Illinois Kaylo aboard those ships. At no point in his deposition did Mr. Hall testify to working with or around an Owens-Illinois product. In fact, Mr. Hall testified that the only pre-formed pipe covering insulation he remembered was Owens Corning. (Dep. of V. Hall, Oct. 16, 2014, 399:22-400:2, **Ex. B**.)

Moreover, the Owens Corning insulation Mr. Hall identified could not possibly be mistaken for Owens-Illinois Kaylo because Mr. Hall did not work with or around any thermal insulation products until 1959. (*Id.* at 398:22-399:1) Any Kaylo insulation products that Mr. Hall may have encountered at that point or later were made by other companies, such as Owens Corning Fiberglas Corporation, and not made by Owens-Illinois. *Harris v. Owens-Corning Fiberglas Corp.*, 102 F.3d 1429, 1433 (7th Cir. 1996) ("OCF manufactured kaylo from 1958 to 1973."). Indeed, as the Seventh Circuit has held,

"[n]umerous other companies also manufactured asbestos-containing pipe insulation generically referred to as kaylo (also spelled 'k-low,' 'k-lo,' or 'kaylow') much like individuals often refer to generic tissue paper by the brand name 'kleenex.'" *Id.* at 1431; *Shine v. Owens-Illinois, Inc.*, 979 F.2d 93, 97 (7th Cir. 1992) (plaintiff's "testimony indicates that he used that term [Kaylo] generically, rather than as a brand name").

The speculative argument that — despite evidence of other manufacturers of "Kaylo" insulation products — some insulation product from Owens-Illinois could have been present fails as a matter of law. There is no evidence that Mr. Hall regularly, frequently, and proximately used any Owens-Illinois product. In fact, Illinois law has already decided this issue, and the same result, summary judgment in favor of Owens-Illinois, is appropriate here.

In *Bowles v. Owens-Illinois*, the plaintiff offered some evidence that Owens-Illinois Kaylo may have been present aboard the ship where her husband served in the Navy. 2013 IL App (4th) 121072 at ¶¶ 28-29. Much like the evidence in this case, however, there was no evidence connecting the regular, frequent, and proximate use of Owens-Illinois Kaylo. The plaintiff's decedent was a radioman who served aboard a destroyer in the US Navy, and a shipmate testified that Owens-Illinois insulation may have been present in the boiler room of the ship. *Id.* at ¶ 9, 31. But there was no evidence that the decedent ever visited the boiler room. *Id.* There was no evidence that Kaylo was present on pipes which ran through the ship. *Id.* at ¶ 28. Finding that the decedent was exposed to Owens-Illinois Kaylo, based on that lack of evidence, would have amounted

to nothing more than speculation. *Id.* at ¶¶ 28, 31. Accordingly, the Fourth District affirmed summary judgment in favor of Owens-Illinois. *Id.* at ¶ 31.

Likewise, Plaintiff presents insufficient evidence in this case. Plaintiff has proffered no testimony of any individual who may have served aboard any ship with Mr. Hall to support his exposure allegations. Plaintiff has produced no documents that Owens-Illinois Kaylo was present on any ship where Mr. Hall served. Therefore, Plaintiff's only evidence of exposure is Mr. Hall's own testimony. And Mr. Hall never once testified that he worked with an Owens-Illinois product. Indeed, he could only identify Owens Corning insulation. Much like *Bowles*, there is no evidence linking Mr. Hall to any Owens-Illinois Kaylo insulation product. Nor is there any evidence that Mr. Hall ever worked with or around Owens-Illinois Kaylo insulation product. Forging the link between Mr. Hall and any Owens-Illinois Kaylo insulation product would amount to nothing more than pure speculation. That speculation is patently insufficient to survive summary judgment under Illinois law. *Bowles*, 2013 IL App (4th) 121072 at ¶¶ 28, 31.

### IV. CONCLUSION

For these reasons, Owens-Illinois respectfully requests an order granting summary judgment in its favor and against Plaintiff, granting it fees and costs, and awarding such further relief as this Court deems proper.

Dated: March 13, 2015

Respectfully submitted,

By: /s/ Brian O. Watson
Edward Casmere
Brian O. Watson
Schiff Hardin LLP
233 South Wacker Drive
Suite 6600
Chicago, IL 60606
312.258.5500
312.258.5600 (fax)

## CERTIFICATE OF SERVICE

I certify that on March 13, 2015, these papers were filed with the Clerk of the Court for the United States District Court for the Southern District of Illinois using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

23004-3544
CH2\16285999.2