IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VAN L. HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-28-SMY-DGW |
| ) | |
| ATLAS COPCO COMPRESSORS, LLC., et al., ) ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Bar Plaintiff's Witness George Graziano filed by Defendants Ingersoll-Rand Company and Crane Co., on April 10, 2015 (Doc. 206). This Motion is joined by other Defendants including Owens-Illinois, Inc. (Doc. 207), General Electric Company (Doc. 209), John Crane, Inc. (Doc. 210), CBS Corporation (Doc. 211). For the reasons set forth below, the Motion is **DENIED**.

On June 18, 2014, this Court issued a Scheduling Order setting forth various deadlines, some of which are unique to cases such as this one, involving alleged exposure to asbestos (Doc. 159). The Scheduling Order set a deadline for "Plaintiff's deposition" of September 15, 2014. Based on the plain meaning of the Scheduling Order, the September 15, 2014 deadline only applied to the deposition of Plaintiff himself, Van L. Hall, and does not apply to all of Plaintiff's fact witnesses, included Mr. Graziano. Since the filing of the Scheduling Order, no party, including the parties listed above, has sought modification or clarification as to that deadline. Plaintiff was free, then, to disclose additional fact witnesses after that deadline and consistent with the Federal Rules of Civil Procedure.

Plaintiff indicates that he was not aware of Mr. Graziano's potential testimony until after he served initial disclosures. Plaintiff further indicates that he supplemented his discovery responses and disclosures once he became aware of Mr. Graziano's evidence. Defendants do not claim that Plaintiff failed to *supplement* his responses in a timely manner, as required by Federal Rule of Civil Procedure 26(e). That is, Defendants do not allege that Plaintiff intentionally withheld information identifying Mr. Graziano's in an effort to multiply these proceedings or cause prejudice to Defendants.

The Court is mindful that the introduction of Mr. Graziano's testimony, at this stage of the proceedings, will affect Defendants' expert reports and the deadlines in this case. This matter is accordingly **SET** for a telephonic status conference on **June 30, 2015 at 3:30 p.m.** Parties should be prepared to discuss the potential of a revised schedule in this matter. Parties shall submit to the Court, by email and either separately or jointly, a proposed schedule by **June 29, 2015**. Defendant Crane Co. shall be responsible for setting up the conference call and filing a timely notice in this matter indicating the call-in information.

**IT IS SO ORDERED.**

**DATED: June 23, 2015**

                                                                                    **DONALD G. WILKERSON**
                                                                                    **United States Magistrate Judge**