IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| VAN L. HALL, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 14-CV-28-SMY-DGW |
| | ) |
| AQUA-CHEM, INC., et al., | ) |
| | ) |
|         Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is the Motion to Dismiss Plaintiff's Complaint for Lack of Specific and General Personal Jurisdiction filed by Defendant General Electric Company ("GE") (Doc. 238). GE argues Plaintiff cannot demonstrate specific or personal jurisdiction over GE under the Illinois Long-Arm Statute (735 ILCS 5/2-209(a)-(f)). Plaintiff counters that GE has waived its personal jurisdiction defense by actively participating in this litigation. The Court agrees.

A defendant waives its personal jurisdiction defense when it causes the Court to go to "some effort that would be wasted if personal jurisdiction is later found lacking" and gives the plaintiff a "reasonable expectation that it will defend the suit on the merits." *Mobile Anesthesiologists Chicago v. Anesthesia Assoc. of Houston Metroplex*, 623 F.3d 440, 443 (7th Cir. 2010) (citing *American Patriot Ins. Agency v. Mutual Risk Management*, 364 F.3d 884, 887-88 (7th Cir. 2004)). Prior to filing the instant motion, GE participated in litigating this case for over sixteen months. In addition to its initial response, GE has entered the appearance of additional counsel (Doc. 190), participated in discovery (*see , eg*. Doc. 124), moved for dismissal

1

(Doc. 136), appeared at conferences before the Court (Docs. 188, 229), and joined motions *in limine* (Docs. 209, 231). This degree of activity obviously gave Plaintiff a reasonable expectation that GE will defend the suit on the merits. Accordingly, GE has waived its personal jurisdiction defense and the Motion is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 28, 2015**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**